**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-CR-00520-DSF |
| Plaintiff, | **ORDER RE RELEASE AND CONDITIONS OF BOND** |
| v. | |
| BERHNARD EUGEN FRITSCH, | |
| Defendant. | |

GOOD CAUSE HAVING BEEN SHOWN, IT IS ORDERED that the Defendant, Bernhard Eugen Fritsch, shall be released on the following terms and conditions of bond:

1.     Mr. Fritsch should be released upon posting a $8,119,129.07 secured appearance bond justified by deeding of properties and an affidavit of surety, to be satisfied as follows:

   a. An appearance bond in the amount of $680,000 secured by the deeding of property located at 877 E. Broadway, Milford, CT 06460 and owned by Lisa Short in favor of the clerk of the United States District Court;

b. An appearance bond in the amount of $134,129.07 secured by the deeding of property located at 1064 Summit Ave., St. Paul, MN 55105 and owned by Dr. Marc Montgomery in favor of the clerk of the United States District Court;

c. An appearance bond in the amount of $7,205,000 secured by the deeding of property located at 3229 Rambla Pacifico Street, Malibu, CA 90265 (the "Malibu Property") and owned by Mr. Fritsch in favor of the clerk of the United States District Court; and

d. An appearance bond in the amount of $100,000 secured by an affidavit of surety (without justification) executed by David Stocker.

2.    Other terms and conditions of bond include the following:

a. Mr. Fritsch shall submit to Pretrial Services Agency (PSA) supervision as directed by PSA;

b. Mr. Fritsch shall surrender all passports and travel documents, including any passports and travel documents from the United States, Germany, and the Bahamas, to PSA , sign a Declaration re Passport and Other Travel Documents (Form CR-37), and not apply for a passport or other travel document during the pendency of this case;

c. Mr. Fritsch's travel is restricted to the Central District of California; Court permission is required for other travel;

d. Mr. Fritsch shall reside in the Central District of California as approved by PSA and not relocate without prior permission from the Court;

e. Mr. Fritsch shall make all mortgage and property tax payments on the Malibu Property to keep the existing mortgage and taxes current; in order to determine compliance, Mr. Fritsch shall provide proof of such payments to PSA within five business days following the due date of each such payment; if Mr. Fritsch misses two consecutive mortgage or property tax payments, Mr. Fritsch agrees (without objection) to the interlocutory sale of the Malibu Property on terms to be provided by the government;

2

**ORDER RE RELEASE AND CONDITIONS OF BOND**

f. Mr. Fritsch shall maintain or actively seek employment and provide proof to PSA, which employment shall be approved by PSA, but in all cases, Mr. Fritsch shall not: (1) maintain employment that involves the management of money belonging to persons other than himself; (2) maintain employment as the officer, director, or manager of a company; or (3) solicit, or attempt to solicit, directly or indirectly, persons to invest funds in a company;

g. Mr. Fritsch shall avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject prosecution; the government shall provide to defense counsel a non-exhaustive list of such known victims or witnesses;

h. Mr. Fritsch shall not possess any firearms, ammunition, destructive devices, or other dangerous weapons; in order to determine compliance, Mr. Fritsch shall submit to the search of his person and/or property at any and all times by PSA in conjunction with the U.S. Marshal;

i. Mr. Fritsch shall not use or possess any identification, mail matter, access device, or any identification-related material other than in his own legal or true name without prior permission from PSA; in order to determine compliance, Mr. Fritsch shall submit to the search of his person and/or property at any and all times by PSA in conjunction with the U.S. Marshal;

j. Mr. Fritsch shall not sell, transfer, or give away any asset valued at $1,000 or more without notifying and obtaining permission from the Court;

k. Mr. Fritsch shall participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of PSA, which shall include a location monitoring bracelet; Mr. Fritsch shall pay all or part of the costs of the program based upon his ability to pay as determined by PSA; Mr. Fritsch shall be financially responsible for any lost or damaged equipment;

**ORDER RE RELEASE AND CONDITIONS OF BOND**

l.  Mr. Fritsch shall be restricted to his residence at all times except for medical needs or treatment, attorney visits, court appearances, and errands within a two-mile radius of his residence;

m.  Mr. Fritsch must satisfy the government that he is the sole shareholder and owner of 3229 Rambla Pacifico, Inc. (the prior owner of the Malibu Property) prior to his release on bond; and

n.  Mr. Fritsch shall comply with all general conditions of bond as set forth in the attached Central District of California Release Order and Bond Form.

3.  The Stipulation re Release and Release on Bond is approved as modified by this Order, and Mr. Fritsch will not be released until all security described in paragraph 3 of the Stipulation (paragraph 1 of this Order) has been provided and approved and Mr. Fritsch has complied with paragraph 4b of the Stipulation (paragraph 2b of this Order) and paragraph 2m of this Order.

IT IS SO ORDERED

DATED: November 30, 2017

_____
HON. DALE S. FISCHER
United States District Judge

4
**ORDER RE RELEASE AND CONDITIONS OF BOND**

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:**  United States of America v.  **Bernhard Eugen Fritsch**          Case No.  CR 17-520 DSF

☐ Defendant    ☐ Material Witness

Violation of Title and Section: **18:1343, 2; 18:1957**

☐ Summons    ☐ Out of District    ☐ Under Seal    ☐ Modified Date: _____

| | | |
|---|---|---|
| ☐ Personal Recognizance (*Signature Only*) <br> ☐ Unsecured Appearance Bond <br> $ _____ <br> ■ Appearance Bond <br> $ 8,119,129.07 <br>  ☐ Cash Deposit (*Amount or %*) <br> _____ <br>  ■ Affidavit of Surety Without <br> Justification (*Form CR-4*) Signed by: <br> $100,000 by David Stocker | ☐ Affidavit of Surety With Justification <br> (*Form CR-3*) Signed by: <br> _____ <br> _____ <br> _____ <br> ■ With Full Deeding of Property <br> $680,000 property located at 877 E. <br> Broadway, Milford, Ct. owned by Lisa Short; <br> $134,129.07 property located at 1064 Summit <br> Ave., St. Paul, MN owned by Dr. Marc <br> Montgomery; $7,205,000 property located  at <br> 3229 Rambla Pacifico St., Malibu, CA <br> ☐ Collateral Bond in the Amount of (*Cash <br> or Negotiable Securities*): <br> $ _____ <br> ☐ Corporate Surety Bond in the Amount of: <br> $ _____ | Release No. <br> _____ <br> ☐ **Release to Pretrial ONLY** <br> ☐ **Release to Probation ONLY** <br> ☐ Forthwith Release <br> ==Release only after conditions of paragraph 1, 2b, and 2m of the Order are met== <br> ☐ All Conditions of Bond <br> (*Except Clearing-Warrants Condition*) Must be Met and Posted by: <br> _____ <br> ☐ Third-Party Custody Affidavit (*Form CR-31*) <br> ☐ Bail Fixed by Court: <br> _____ / _____ <br> (*Judge / Clerk's Initials*) |

## PRECONDITIONS TO RELEASE

☐ The government has requested a <u>Nebbia</u> hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a <u>Nebbia</u> hearing under § 3142 (g)(4).

☐ The <u>Nebbia</u> hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

## ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

■ Submit to:  ■ Pretrial Services Agency (PSA) supervision as directed by PSA;  ☐ Probation (USPO) supervision as directed by USPO. **(*The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency."*)**

■ Surrender all passports and travel documents to Supervising Agency _____, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.

☐ Travel is restricted to Central District _____ unless prior permission is granted by Supervising Agency to travel to a specific other location.  Court permission is required for international travel.

■ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

■ Maintain or actively seek employment and provide proof to Supervising Agency.  ■ Employment to be approved by Supervising Agency.

☐ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: _____      Date: _____

**Case Name:** United States of America v. Bernhard Eugen Fritsch    Case No.  CR 17-520 DSF

☐ Defendant  ☐ Material Witness

■ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or

witness in the subject investigation or prosecution, ☐ including but not limited to _____

_____ ; ☐ except  see additional conditions _____.

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence

of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present:

_____ .

■ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons.  ■ In order to determine compliance,

you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

■ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your

own legal or true name without prior permission from Supervising Agency.  ■ In order to determine compliance, you agree

to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining

permission from the Court, except _____ .

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and

requirements of the program.  You must pay all or part of the costs for treatment based upon your ability to pay as determined by

Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized medical marijuana.  ☐ In order to determine compliance, you agree to

submit to a search of your person, and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or

designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as

prescribed by a medical doctor.

☐ Submit to: ☐ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency.

You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs

of treatment based upon your ability to pay as determined by Supervising Agency.  ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by

Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

■ Participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of Supervising

Agency, which ■ **will** or ☐ **will not** include a location monitoring bracelet. You must pay all or part of the costs of the program based

upon your ability to pay as determined by Supervising Agency. You must be financially responsible for any lost or damaged equipment.

☐ Location monitoring only - no residential restrictions;

**-or-**

☐ You are restricted to your residence every day:

☐ from _____ ☐ a.m. ☐ p.m. to _____ ☐ a.m. ☐ p.m.

☐ as directed by Supervising Agency;

**-or-**

Defendant's Initials: _____    Date: _____

**Case Name:** United States of America v. **Bernhard Eugen Fritsch** Case No. CR 17-520 DSF

☐ Defendant   ☐ Material Witness

■ You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances, and errans within a 2 mile radius of your residence _____, all of which must be preapproved by Supervising Agency;

☐ **Release to PSA only**   ☐ **Release to USPO only**

☐ You are placed in the third-party custody (*Form CR-31*) of _____.

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ____ days of release from custody.

■ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except as approved by Supervising Agency.   ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S. Marshal.

■ Other conditions:

See paragraph 2e of the Order.  Defendant shall make all mortgage and property tax payments on the Malibu Property to keep the existing mortgage and taxes current and shall provide proof of such payments to PSA within five business days following the due date of each payment; If defendant misses two consecutive mortgage or property tax payments, defendant agrees to the interlocutory sale of the property  on terms provided by the government.  See paragraph 2f of the Order. Defendant shall not maintain employment that involves management of money belonging to persons other than himself; (see attachment "A" incorporated herein)

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: _____   Date: _____

**Case Name:** United States of America v. **Bernhard Eugen Fritsch**          Case No.  CR 17-520 DSF

☐ Defendant          ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

_____          _____          _____
*Date*                                       *Defendant / Material Witness' Signature*                 *Telephone Number*

_____
*City and State (**DO NOT INCLUDE ZIP CODE**)*

☐ **Check if interpreter is used**: I have interpreted into the _____ language this entire form
     and have been told by the defendant that he or she understands all of it.

_____          _____
*Interpreter's Signature*                                                         *Date*

Approved: _____          _____
                 *United States District Judge / Magistrate Judge*              *Date*

If cash deposited: Receipt # _____     for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: _____     Date: _____

ATTACHMENT "A" TO BOND:

Continuation of Other Conditions:  Defendant shall not:

maintain employment as the officer, director, or manager of a company; or (3) solicit, or attempt to solicit, directly or indirectly, persons to invest funds in a company;

See paragraph 2b:  Additional conditions re Surrendering Passport:

Mr. Fritsch shall surrender all passports and travel documents, including any passports and travel documents from the United States, Germany, and the Bahamas, to PSA, sign a Declaration re Passport and Other Travel Documents (Form CR-37), and not apply for a passport or other travel document during the pendency of this case;

See paragraph 2g:  Additional Condition re Victims:

The government shall provide to defense counsel a non-exhaustive list of such known victims or witnesses;

See paragraph 2i:  Additional condition re mail matter/identification/access devices:

Mr. Fritsch shall not use or possess any identification, mail matter, access device, or any identification-related material other than in his own legal or true name without prior permission from PSA; in order to determine compliance, Mr. Fritsch shall submit to the search of his person and/or property at any and all times by PSA in conjunction with the U.S. Marshal;

See paragraph 2j:  Additional condition re assets:

Mr. Fritsch shall not sell, transfer, or give away any asset valued at $1,000 or more without notifying and obtaining permission from the Court;

See paragraph 2m:  Additional condition re Malibu Property:

I understand that violation of any of these additional conditions of release of this bond may result in the revocation of release, an order of detention, and a new prosecution for an additional offense which could results in a term of imprisonment or fine.

Dated: _____

_____
Defendant's Signature