SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KAREN E. ESCALANTE (Cal. Bar No. 304686)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3358
     Facsimile: (213) 894-6269
     E-mail:    karen.escalante@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 17-00520-DSF |
|---|---|
| Plaintiff, | JOINT APPLICATION TO AMEND COURT'S ORDER RE RELEASE AND CONDITIONS OF BOND |
| v. | |
| BERNHARD EUGEN FRITSCH, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Karen E. Escalante, together with defendant BERNHARD EUGEN FRITSCH, by and through his counsel of record, Reuven L. Cohen and Marc S. Williams, hereby file a Joint Application to Amend the Court's Order Re Release and Conditions of Bond (the "Bond Order") (Dkt. 48).

I.    **Parties' Stipulation**

1.    On November 23, 2017, the parties filed a Stipulation Re Release and Conditions of Bond (Dkt. 46) and accompanying Proposed Order (Dkt. 46-1).  Paragraph 4m of the stipulation (paragraph 2m of

the Proposed Order) included the following term:

> To ensure that title to the Malibu Property[1] is clear, Mr. Fritsch shall have 45 calendar days following the Court's entry of this Order to satisfy the government that he is the sole shareholder and owner of 3229 Rambla Pacifico, Inc. (the prior owner of the Malibu Property) or otherwise file a civil action by such date in the Superior Court of the State of California seeking declaratory judgment establishing Mr. Fritsch as the sole shareholder and owner of 3229 Rambla Pacifico, Inc.; if Mr. Fritsch fails to comply with this condition, the parties agree that the stipulated bond would be revoked.  (emphasis added).

2.    On November 30, 2017, the Court entered its Bond Order approving the parties' stipulation, as modified by the Bond Order. (Dkt. 48.)  As relevant here, the Court modified paragraph 2m of the Proposed Order to require defendant to "satisfy the government that he is the sole shareholder and owner of 3229 Rambla Pacifico, Inc. (the prior owner of the Malibu Property) prior to his release on bond," removing the provision that would have afforded defendant 45 days following his release to satisfy the government of his ownership interest in 3229 Rambla Pacifico, Inc. (hereinafter "the Rambla Corporation") (by, for instance, securing documentation evidencing

---

[1] The Malibu Property was previously defined in the parties' stipulation at paragraph 3c and consists of the property located at 3229 Rambla Pacifico Street, Malibu, California 90265.

2

his ownership interest in the Rambla Corporation) or to commence, in good faith, a civil action seeking a declaratory judgment regarding his ownership interest in the Rambla Corporation.

**II.    Position of the Parties**

3.    As of the date of this application, and based on the government's investigation and information known to the government to date, the government's position is that it is not satisfied that defendant is the sole shareholder and owner of the Rambla Corporation.

4.    Defendant contends that he is the sole shareholder and owner of the Rambla Corporation.

5.    Consistent with the parties' stipulation, on or about December 4, 2017, defendant, by and through his counsel of record, Marc S. Williams, filed a Complaint for Declaratory Relief in the Superior Court of the State of California, a copy of which is attached hereto as Exhibit A.  Defendant's counsel of record has filed such action in good faith.

6.    The parties believe that the declaratory judgment action will provide finality regarding defendant's status as sole shareholder and owner of the Rambla Corporation.  Because that action is pending, defendant agrees to execute a $7,205,000 unsecured affidavit of surety that will not be exonerated until defendant obtains a final judgment establishing that he is the sole shareholder and owner of the Rambla Corporation.  The parties agree that if the judgment is unfavorable to defendant or if defendant is unable to obtain a judgment within 90 days, defendant's bond, with modified paragraphs 1 and 2m as agreed to below, will automatically be revoked.

## III. Status of Sureties

7.    Consistent with the parties' stipulation and with the Court's Bond Order, defendant intends to execute an affidavit of surety in the amount of $7,205,000 and secured by a December 8, 2017 corrected short form deed of trust and assignment of rents, deeding the Malibu Property in favor of the Clerk, United States District Court, Central District of California.  Per the government's request, defendant intends to execute a corrected Quitclaim Deed for the Malibu Property from the Rambla Corporation to defendant, and then record the corrected Quitclaim Deed and the corrected short form deed of trust in the County of Los Angeles, in the State of California.

8.    Consistent with the parties' stipulation and with the Court's Bond Order, on November 22, 2017, Lisa Marie Short, also known as Lisa Marie Fritsch, executed an affidavit of surety in the amount of $680,000 and secured by a November 22, 2017 mortgage deed deeding the property located at 877 E. Broadway, Milford, CT 06460 in favor of the Clerk, United States District Court, Central District of California.  On November 28, 2017, that mortgage deed was recorded in the County of New Haven, in the State of Connecticut.

9.    Consistent with the parties' stipulation and with the Court's Bond Order, on November 27, 2017, Marc Montgomery and Teresa P. Montgomery, as joint tenants, executed affidavits of surety in the amount of $134,129.07 and secured by a November 22, 2017 mortgage deed deeding the property located at 1064 Summit Ave., St. Paul, MN 55105 in favor of the Clerk, United States District Court, Central District of California.  On November 28, 2017, that mortgage deed was recorded in the County of Ramsey, in the State of Minnesota.

10.    Consistent with the parties' stipulation and with the

4

Court's Bond Order, on November 22, 2017, David Stocker executed an affidavit of surety (without justification) in the amount of $100,000.

**IV.    Proposed Amendment**

11.    By this application, the parties jointly request that the Court amend paragraphs 1 and 2m of the Bond Order as follows:

a.    Paragraph 1: Mr. Fritsch should be released upon posting:

i.    a $8,119,129.07 secured appearance bond justified by deeding of properties and an affidavit of surety, to be satisfied as follows:

(I)    An appearance bond in the amount of $680,000 secured by the deeding of property located at 877 E. Broadway, Milford, CT 06460 and owned by Lisa Marie Short, also known as Lisa Marie Fritsch, in favor of the clerk of the United States District Court;

(II) An appearance bond in the amount of $134,129.07 secured by the deeding of property located at 1064 Summit Ave., St. Paul, MN 55105 and owned by Marc Montgomery and Teresa P. Montgomery, as joint tenants, in favor of the clerk of the United States District Court;

(III)    An appearance bond in the amount of $7,205,000 secured by the deeding of property located at 3229 Rambla Pacifico Street, Malibu, CA 90265 (the "Malibu Property") and represented to be owned by Mr. Fritsch in favor of the clerk of the United States District Court; and

(IV) An appearance bond in the amount of $100,000 secured by an affidavit of surety (without justification) executed by

David Stocker; and

          ii.  a $7,205,000 unsecured appearance bond executed by Mr. Fritsch.

    b.   Paragraph 2m: Mr. Fritsch shall have 90 calendar days following the Court's entry of this order to obtain, and file with the Court, a final judgment establishing that Mr. Fritch is the sole shareholder and owner of the Rambla Corporation; upon securing a final judgment to that effect, the parties agree that the unsecured appearance bond in the amount of $7,205,000 should be exonerated; should Mr. Fritsch fail to obtain a final judgment establishing that he is the sole shareholder and owner of the Rambla Corporation, the parties agree that the bond will automatically be revoked, with defendant surrendering into custody unless alternative conditions of

///

///

bond have been set by the Court, with the parties reserving the right to enter into a further stipulation on bond or otherwise make a motion for a revised bond.

Dated: December 11, 2017                Respectfully submitted,

                                        SANDRA R. BROWN
                                        Acting United States Attorney

                                        LAWRENCE S. MIDDLETON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                        ____/s/_____
                                        KAREN E. ESCALANTE
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA


Dated: December 11, 2017                __/s/ (per e-mail authorization)__
                                        REUVEN L. COHEN
                                        MARC S. WILLIAMS
                                        COHEN WILLIAMS WILLIAMS LLP

                                        Attorneys for Defendant
                                        BERNHARD EUGEN FRITSCH