Reuven L. Cohen (Bar No. 231915)
rcohen@cohen-williams.com
Marc S. Williams (Bar No. 198913)
mwilliams@cohen-williams.com
Anya J. Goldstein (Bar No. 288780)
agoldstein@cohen-williams.com
**COHEN WILLIAMS WILLIAMS LLP**
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone:  (213) 232-5160
Facsimile:   (213) 232-5167

Attorneys for Defendant,
BERNHARD EUGEN FRITSCH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BERNHARD EUGEN FRITSCH,<br><br>Defendant. | Case No. 17-CR-00520-DSF<br><br>**DEFENDANT BERNHARD EUGEN FRITSCH'S UNOPPOSED *EX PARTE* APPLICATION FOR AN ORDER MODIFYING CONDITIONS OF RELEASE**<br><br>[Proposed Order Lodged Concurrently Herewith] |

Defendant, Bernhard Eugen Fritsch, by and through his counsel of record, Reuven L. Cohen, Marc S. Williams, and Anya J. Goldstein, hereby applies *ex parte* to this Court for an order modifying the terms of his release to extend the time, by an additional 90 days, in which Mr. Fritsch must obtain a final judgment establishing that he is the sole shareholder and owner of 3229 Rambla Pacifico, Inc. (the "Corporation") – the entity that owns the real property located at 3229 Rambla Pacifico Street in Malibu, California (the "Malibu Property").  (Dkt 51, par. 2(m).)

---

*EX PARTE* APPLICATION

This application is unopposed by the government and is based on the attached declaration of counsel, all files and records in this case, and such further information as may be provided to the Court with respect to this application.

Respectfully Submitted,


Dated: March 12, 2018                     **COHEN WILLIAMS WILLIAMS LLP**

By: */s/ Marc S. Williams*
Reuven L. Cohen
Marc S. Williams
Anya J. Goldstein
*Attorneys for Defendant*
*Bernhard Eugen Fritsch*

## DECLARATION OF COUNSEL

I, Marc S. Williams, hereby declare as follows:

1.     I am an attorney admitted to practice in the Central District of California.  I represent defendant Bernhard Eugen Fritsch in this matter.  I make this declaration in support of Mr. Fritsch's application for an order modifying the terms of his release to extend the time, by an additional 90 days, in which Mr. Fritsch must obtain a final judgment establishing that he is the sole shareholder and owner of 3229 Rambla Pacifico, Inc. (the "Corporation") – the entity that owns the real property located at 3229 Rambla Pacifico Street in Malibu, California (the "Malibu Property").  (Dkt 51, par. 2(m).)

2.     On November 30, 2017, the Court ordered Mr. Fritsch released on bond under various conditions.  (Dkt. 48.)  On December 13, 2017, the Court modified the bond order and, as relevant here, ordered that Mr. Fritsch shall have 90 calendar days following the Court's entry of the modified bond order to obtain, and file with the Court, a final judgment establishing that Mr. Fritsch is the sole shareholder and owner of the Corporation.  (Dkt. 51 at 2(m).)

3.     On December 4, 2017, while in custody, Mr. Fritsch filed a civil action in Los Angeles Superior Court against Michael Ravin – the previous sole director and officer of the Corporation – seeking an order declaring that Mr. Fritsch is the sole shareholder of the Corporation (the "LA Superior Court Action").

4.     Before filing the LA Superior Court Action, my law firm requested that Mr. Ravin advise by email whether he contests that Mr. Fritsch is the sole shareholder of the Corporation or else defend a declaratory judgment action in Los Angeles Superior Court. On December 4, 2017, Mr. Ravin replied by email, stating that my firm's position on Mr. Fritsch's interest in the Corporation was "incorrect" and that he "look[ed] forward to responding to the declaratory action."

5.     Mr. Ravin has retained counsel to represent him in the LA Superior Court Action – Alfred Fadel of Gibbs Giden in Century City.  Mr. Fadel contacted me in mid-February 2018 and indicated a willingness to resolve the civil action through a settlement.

Mr. Fadel and I agreed to continue the discussion on settlement, but, in the meantime, I served a notice for Mr. Ravin to appear for deposition and produce documents.  Mr. Fadel indicated that the original date noticed for the deposition was not available, and he agreed to proceed with the deposition on March 12, 2018.

6.    I believe that the civil action may settle shortly after the deposition, and, if not, Mr. Fritsch is likely to file a motion for summary judgment on the declaratory relief claim in the LA Superior Court Action.

7.    No trial date has been scheduled in the LA Superior Court Action, as the initial Case Management Conference is not schedule to take place until May 3, 2018.

8.    Due to the pace of the LA Superior Court Action, Mr. Fritsch has had insufficient time to obtain a final judgment establishing that he is the sole shareholder and owner of the Corporation within the initial 90-day period under the bond order (Dkt. 51 2(m)), which expires on March 13, 2018.

9.    My partner, Reuven Cohen, has conferred with Mr. Fritsch's Pretrial Services Officer, Manuel Ibanez, who has confirmed that Mr. Fritsch is in full compliance with every aspect of the bond order since his release.

10.    On March 12, 2018, at approximately 3:14 p.m., I received an email from Assistant United States Attorney Karen Escalante regarding the relief requested in this *ex parte* application, at which time, Ms. Escalante indicated that the government does not oppose this application.

11.    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully Submitted,

DATED:  March 12, 2018          By: */s/ Marc S. Williams*

*EX PARTE* APPLICATION