NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KAREN E. ESCALANTE (Cal. Bar No. 304686)
MONICA E. TAIT (Cal. Bar No. 157311)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3358/2931
     Facsimile: (213) 894-6269
     E-mail:   karen.escalante@usdoj.gov
               monica.tait@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 17-00520-DSF |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| BERNHARD EUGEN FRITSCH, | |
| Defendant. | **CURRENT TRIAL DATE:** 07/17/2018 **[PROPOSED] TRIAL DATE:** 12/11/2018 **CURRENT PRE-TRIAL CONFERENCE & MOTIONS HEARING DATE:** 07/02/2018 **[PROPOSED] PRE-TRIAL CONFERENCE & MOTIONS HEARING DATE:** 11/26/2018 |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Karen E. Escalante and Monica E. Tait, and defendant BERNHARD EUGEN FRITSCH ("defendant"), both individually and by and through his counsel of

record, Reuven L. Cohen and Marc S. Williams, hereby stipulate as follows:

1.   The Indictment in this case was filed on August 17, 2017. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on August 3, 2017.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 26, 2017.

2.   On November 15, 2017, the Court set a trial date of July 17, 2018, a status conference date of July 2, 2018, and a briefing schedules for any motions (except motions in limine) as follows: motions to be filed no later than June 4, 2018, oppositions to be filed no later than June 18, 2018, and replies (if any) to be filed no later than June 25, 2018.

3.   Defendant is released on bond pending trial.  The parties estimate that the trial in this matter will last approximately seven days.

4.   The Court has previously continued the trial date in this case from October 17, 2017, to July 17, 2018, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5.   By this stipulation, defendant moves to continue the trial date to December 11, 2018; the pre-trial conference to November 26, 2018; and a briefing schedule for motions (except motions in limine) as follows: motions to be filed no later than October 29, 2018, oppositions to be filed no later than November 12, 2018, and replies (if any) to be filed no later than November 19, 2018.  This is the third request for a continuance.

6.   Defendant requests the continuance based upon the following

2

facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with violations of 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1957 (transactional money laundering), and 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) (criminal forfeiture). The government has produced discovery to the defense, including over 26,000 pages of interview reports, e-mails, and financial records, as well as several recordings of interviews, and has provided defense counsel with a 2 TB hard drive containing forensic images of the digital devices seized from defendant's business premises.

b. On October 3, 2017, defendant's current counsel substituted in as counsel of record. Defense counsel for defendant is presently scheduled to be in a conspiracy to distribute cocaine, cocaine distribution, and money laundering trial in 15-CR-111-DSF-1, United States v. Pimentel, which is estimated to last eight to ten days beginning June 26, 2018; a conspiracy to commit health care fraud trial in 16-CR-414-GW-2, United States v. Hong, et al., which is estimated to last seven days beginning September 25, 2018; a conspiracy to commit bank fraud, access device fraud, and aggravated identity theft trial in 17-CR-221-MWF-1, United States v. Ogden, et al., which is estimated to last three weeks beginning October 9, 2018; a possession with intent to distribute methamphetamine and cocaine, possession of a firearm in furtherance of drug trafficking, and felon in possession of a firearm trial in 17-CR-150-DMG-1, United States v. Miramontes, which is estimated to last four days beginning October 16, 2018; a conspiracy to traffic in counterfeit goods trial in United States v. Brawley, 17-CR-436-ODW-1, which is estimated to

3

last three to five days beginning October 23, 2018; a contractual fraud trial in the Superior Court of California, County of Los Angeles, Chatsworth Courthouse Case No. PC058186, Discount Courier Services, Inc. v. B3 Holdings, et al., which is estimated to last three days beginning November 5, 2018; a civil trial in Case No. L2016020276, CBO v. Chen, et al., which is estimated to last five days beginning November 5, 2018; a conspiracy to distribute and possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, possession of a firearm in furtherance of drug trafficking, and felon in possession of firearms trial in 17-CR-274(A)-MWF, United States v. Ogden, et al., which is estimated to last three days beginning November 6, 2018; and an asset forfeiture trial in 17-CV-269-FMO-AFM, United States v. $819,640.00 in U.S. Currency, which is estimated to last four days beginning November 13, 2018.  Defense counsel is also representing testifying witnesses in a conspiracy to pay and receive illegal kickbacks for health care referrals trial in 17-CR-410-PSG, United States v. Kanakeswaran, which is estimated to last three weeks beginning July 17, 2017; and a conspiracy to pay and receive illegal kickbacks for health care referrals trial in 16-CR-364(B)-PSG, United States v. Kumar, et al., which is estimated to last three weeks beginning October 30, 2017.  Accordingly, counsel represent that they will not have the time that they believe is necessary to prepare and be available to try this case on the current trial date.

c.    In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for

4

potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e.    The government does not object to the continuance.

f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of July 17, 2018 to December 11, 2018, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 6, 2018                    Respectfully submitted,

                                       NICOLA T. HANNA
                                       United States Attorney

                                       LAWRENCE S. MIDDLETON
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                       _____
                                       KAREN E. ESCALANTE
                                       MONICA E. TAIT
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

I am BERNHARD EUGEN FRITSCH's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than December 11, 2018, is an informed and voluntary one.

_____    _____6/6/18_____
REUVEN L. COHEN                              Date
Attorney for Defendant
BERNHARD EUGEN FRITSCH

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 11, 2017. I understand that I will be ordered to appear in Courtroom 7D of the First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012, on December 11, 2018, at 8:30 a.m.

_____    _June 6th, 2018_____
BERNHARD EUGEN FRITSCH                      Date
Defendant