E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
SARAH S. LEE (Cal. Bar No. 311480)
Assistant United States Attorneys
Major Frauds Section
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2931/7407
        Facsimile: (213) 894-6269
        E-mail: monica.tait@usdoj.gov
                sarah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 17-00520-DSF |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S *IN CAMERA* FILING; EXHIBIT A |
| v. | |
| BERNHARD EUGEN FRITSCH, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Monica E. Tait and Sarah S. Lee, hereby files the government's opposition to defendant's under seal, in camera filing.  (Dkt. 312.)  The government has no idea what the filing relates to, as defense counsel has declined to provide any information about the filing.  When the government requested information to determine whether to file an opposition, defense counsel responded, "[f]ile whatever you wish."  (Exhibit A at 1.)

This opposition is based upon the attached memorandum of points and authorities, the attached Exhibit A, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 23, 2024                    Respectfully submitted,

                                           E. MARTIN ESTRADA
                                           United States Attorney

                                           MACK E. JENKINS
                                           Assistant United States Attorney
                                           Chief, Criminal Division


                                                  /s/
                                           _____
                                           MONICA E. TAIT
                                           SARAH S. LEE
                                           Assistant United States Attorneys

                                           Attorneys for Plaintiff
                                           UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Defendant Bernhard Fritsch recently filed an <u>in camera</u> and under seal document.  When the government received notice of the filing through the Court's electronic docket notification system, government counsel requested information about the filing.  Defense counsel responded only that "the document was intentionally filed in camera at the Court's request."  (Exhibit A at 2.)  The government then specifically inquired whether the document relates to trial subpoenas so the government could determine whether to burden the Court with an objection to the filing.  In response, defense counsel stated: "File whatever you wish.  The defense has already indicated that the filing was made in camera at the court's request.  If you wish to oppose the court's request, feel free."  (Exhibit A at 1.)  Because defendant has failed to provide any information about the nature of this filing -- even general information that would help inform whether the government should file a response with the Court -- the government hereby lodges its objection to the filing.

**II.    ARGUMENT**

There are times when a court can consider information from the defense <u>in camera</u>.  However, even then, prior to any <u>in camera</u> disclosure, the proper procedure is for the requesting party to "describe its general nature and establish why it should be reviewed <u>in camera</u>, citing the applicable legal standard."  Civ. L.R. 79-6.2. Nothing of the sort has occurred here.  No prior notice was provided to the government about this <u>in camera</u> filing, and defendant has refused to provide even basic information about the filing.

To the extent this filing relates to trial subpoenas -- which the defense has refused to confirm -- the government also respectfully requests that the Court quash any requested Rule 17 subpoena that seeks discovery or is directed at federal or local law enforcement.  See United States v. Nixon, 418 U.S. 683, 698-700 (1974) (the proponent of a subpoena duces tecum must show relevance and that the application is made in good faith and not intended as a general 'fishing expedition'); United States v. Callum, 410 F.3d 571, 578 (9th Cir. 2005) (ruling that a district court does "not abuse its broad discretion in refusing to authorize [a] fishing expedition").

If any Rule 17 subpoena is issued, the government asks that it be given an opportunity to fully brief the parameters of Rule 17 or, alternatively, that no "gag" order be issued on the target and the government be given copies of all documents produced pursuant to the subpoena(s).

**III. CONCLUSION**

Based on the foregoing, the government respectfully objects to the in camera filing and, if the filing relates to Rule 17 subpoenas that are issued, that the Court order any responsive materials produced to defendant also be provided to the government.

2